1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7   YASIR MEHMOOD,                              )
                                                )
8           Plaintiff,                          )
                                                )   Case No. 2:15-cv-01369-RCJ-CWH
9           v.                                  )
                                                )
10  UNITED STATES OF AMERICA, *et al.*,         )
                                                )
11          Defendants.                         )   **SCREENING ORDER**
                                                )
12  _____    )
13
14          Plaintiff, who was an inmate in the custody of the Nevada Southern Detention Center

15  ("NSDC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed

16  an application to proceed *in forma pauperis*.  (ECF No. 1-1, 3).  The Court now screens

17  Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.      SCREENING STANDARD**

18
19          Federal courts must conduct a preliminary screening in any case in which a prisoner

20  seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

21  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss

22  any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted

23  or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

24  § 1915A(b)(1),(2).  *Pro se* pleadings, however, must be liberally construed.  *Balistreri v.*

25  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim under 42 U.S.C. §

26  1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the

27  Constitution or laws of the United States, and (2) that the alleged violation was committed by

28  a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

            In addition to the screening requirements under § 1915A, pursuant to the Prison

Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a

1  complaint states a plausible claim for relief . . . [is] a context-specific task that requires the

2  reviewing court to draw on its judicial experience and common sense." *Id*.

3        Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua*

4  *sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This includes

5  claims based on legal conclusions that are untenable (e.g., claims against defendants who

6  are immune from suit or claims of infringement of a legal interest which clearly does not exist),

7  as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).

8  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d

9  795, 798 (9th Cir. 1991).

10  **II.**  **SCREENING OF COMPLAINT**

11        Plaintiff, who was formerly incarcerated at Nevada Southern Detention Center

12  ("NSDC"), has filed a *Bivens* action against several defendants.  (ECF No. 1-1 at 1-3) Plaintiff

13  sues 57 defendants[1] for events that occurred while he was incarcerated at Nevada Southern

14  Detention Center ("NSDC"), a Corrections Corporation of America facility, in Pahrump,

15  Nevada.[2]  (ECF No. 1-1 at 4-6).  He seeks monetary damages and injunctive relief. (*Id*. at 75-

16  77).  Plaintiff alleges claims of (1) First Amendment freedom of religion, (2) RLUIPA, (3)

---

18      [1] These include: United States of America, Mr. Obama, U.S. Marshals Service, Stacia

19  Hylton, Spencer O'Brien, Albert Nareja, Steven Carpenter, Unknown as C.O.T.R. (E.D. Cal.), Unkown as Contracting Officer U.S.M.S. Nevada District, Unkown as Contracting Officer

20  U.S.M.S. (E.D. Cal.), Direction of O.F.C.C., O.F.C.C., Eric Holder, U.S. Attorney General's Office, Federal Bureau of Prisons, Direction of B.O.P., Regional Director B.O.P., Director

21  D.O.J., Department of Justice, C.C.A., Director C.C.A., Regional Director C.C.A., Director 'Facility Operations' C.C.A., Damon Hininger, Director Chaplain Services C.C.A., Harper as

22  In-charge Chaplain Services NSDC, NSDC Warden C. Collins, NSDC Assistant Warden Ibarra, NSDC Unit Manager Titsworth, NSDC Chief of Unit Management Delaney, Trinity

23  Services Group, CEO of Trinity Services Group, Kitchen Supervisor of Trinity Services Group, Dietitian of Trinity Services Group, Food Service Manager of Trinity Services Group, CCA

24  Medical Director, CCA Regional Medical Director, Dr. Hanf, CCA Regional Doctor, NSDC Supervisor Medical Services, NSDC Health Services Coordinator, Supervising Nurse Lynch,

25  Nurse Sheri de fave, misc. defendants, Nevada Department of Corrections, NDOC Director, Tracey Green, State of Nevada Department of Health, State of Nevada, State of Nevada

26  Governor, State of Nevada Director DOH, State of Nevada Board of Prison Commissioners, Secretary of State of Nevada, and misc. state and local actors.  (ECF No. 1-1 at 3-6).

27      [2] NSDC contracts with the U.S. Marshal's Service for federal pretrial detention.  *See*

28  CCA at http://www.cca.com/facilities/nevada-southern-detention-center (last visited January 7, 2016); *see also* U.S. Marshal's Service at www.usmarshals.gov/prisoner/index.hmtl (last visited January 7, 2016).

3

1  Eighth Amendment conditions of confinement, and (4) retaliation.   On November 2, 2015,

2  Plaintiff updated his address to reflect that he is now incarcerated at Sacramento County Main

3  Jail in Sacramento, California.  (ECF No. 4).

4       Plaintiff alleges that NSDC failed to provide him Halal certified meals that are required

5  as part of his Muslim faith and because he was denied these meals, he went without food

6  which caused him to feel weak and hungry all the time, have headaches, and lose more than

7  57 pounds.  (*Id*. at 9-10).  Plaintiff alleges that the Halal-certified meals from commissary are

8  over-priced, that he was denied meals after sunset in observance of Ramadan, that there is

9  no Imam that visits the NSDC, he is not allowed to go to the chapel area, and was denied

10  religious materials.  (*Id*. at 13-15).  Plaintiff also alleges he was transferred from general

11  population to segregation in retaliation for filing requests and grievances.  (*Id*. at 15-16).

12  Lastly, Plaintiff alleges he was treated differently because of his religion in violation of the

13  Equal Protection Clause.  (*Id*. at 16).

14       **1.     NSDC Defendants**

15       As an initial matter, although the Supreme Court has limited an inmate's ability to bring

16  a *Bivens* damages action against a private entity under contract with the federal government

17  and its employees, the Supreme Court has acknowledged an inmate's ability to bring a suit

18  to federal court for injunctive relief against the federally contracted private entity.  *See Corr.*

19  *Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001) (holding that inmates have full access to

20  remedial mechanisms established by the federal agency, including suits in federal court for

21  injunctive relief).

22       The United States Supreme Court has declined to extend *Bivens* to confer a right of

23  action for damages against a private corporation operating a federal prison or employees of

24  private corporations.  *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001); *Minneci v.*

25  *Pollard*, __ U.S. __, 132 S.Ct. 617, 626 (2012).  Because a claim for monetary damages is

26  barred, Plaintiff would only be entitled to injunctive relief against NSDC defendants.  However,

27  as noted above, Plaintiff is no longer incarcerated at NSDC.  Any request for injunctive relief

28

regarding Plaintiff's conditions of confinement or his alleged inability to practice his religion[3] against NSDC defendants is moot.  *See Wiggins v. Rushen*, 760 F.2d 1009, 1011 (9th Cir.1985); *Dilley v. Gunn*, 64 F.3d 1365, 1369 (9th Cir.1995).  Accordingly, Plaintiff's claims against the NSDC defendants are dismissed.

### 2. Federal Defendants

Plaintiff sues a myriad of federal defendants, including, but not limited to: President Obama, Eric Holder, U.S. Marshal's Service, U.S. Attorney's General's Office, Bureau of Prisons and its directors, among others.  Plaintiff's claims against the federal defendants are based on allegations that "they knew or should have known" that they were placing Plaintiff in an institution that did not provide safekeeping, care, and subsistence to him and other federal detainees.  (*See*, *e.g.*, ECF No. 1-1 at 19, 23, 25).

Plaintiff has failed to state a colorable claim against the federal defendants.  Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).  Plaintiff has not alleged any facts of the individual federal defendants' personal involvement with the alleged constitutional violations.

Moreover, a *Bivens* action will not lie against the United States, agencies of the United States, or federal agents in their official capacity. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States,* 482 F.3d 1157, 1173 (9th Cir. 2007); *Morgan v. United States*, 323 F.3d 776, 780 n.3 (9th Cir. 2003); *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996); *Cato v. United States*, 70 F.3d 1103, 1110 (9th Cir. 1995).  Plaintiff has failed to state a claim against the federal defendants listed in his complaint and the claims against them are dismissed.

---

[3] Also, RLUIPA applies to state and local governments but not to the federal government. See 42 U.S.C. § 2000cc–5(4)(A)(i); Navajo Nation v. USFS, 535 F.3d 1058, 1077 (9th Cir.2008).

3.     **State of Nevada/NDOC Defendants**

Defendant sues several state defendants, including the director of the NDOC, Nevada Department of Health, the Governor of Nevada, among others.  (ECF No. 1-1 at 55-61.) Plaintiff's allegations are centered around events that occurred while he was incarcerated at NSDC.  NSDC is a run by a private entity, CCA, which contracts with the United States government to house federal pretrial detainees.  There is no allegation that ties Plaintiff's allegations to any conduct by the NDOC or State of Nevada.  Plaintiff has failed to state a claim against the State of Nevada or NDOC defendants.

**III.     CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the application to proceed *in forma pauperis* (ECF No. 3) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is dismissed in its entirety for failure to state a claim.  The complaint is **dismissed without prejudice.**

**IT IS FURTHER ORDERED** that the Court certifies that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

DATED: This 27th day of January, 2016.

_____
United States District Judge